UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BARBARA N. SONNIER AND** | * | **CIVIL ACTION NO. 3:12-cv-00728** |
| **STEPHEN J. GAUTHREAUX** | * | |
| | * | **JUDGE: JACKSON** |
| | * | |
| **VERSUS** | * | **MAG. JUDGE: BOURGEOIS** |
| | * | |
| **HESCO BASTION, USA, L.L.C.,** | * | |
| **HESCO BASTION, USA, INC.,** | * | |
| **HESCO BASTION LTD.,** | * | |
| **THE ESTATE OF JAMES "JIMI"** | * | |
| **HESELDEN, RUSSEL O. PRIMEAUX,** | * | |
| **AND KEAN MILLER, L.L.P.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 23, 2013.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BARBARA N. SONNIER AND** | * | **CIVIL ACTION NO. 3:12-cv-00728** |
| **STEPHEN J. GAUTHREAUX** | * | |
| | * | **JUDGE: JACKSON** |
| | * | |
| **VERSUS** | * | **MAG. JUDGE: BOURGEOIS** |
| | * | |
| **HESCO BASTION, USA, L.L.C.,** | * | |
| **HESCO BASTION, USA, INC.,** | * | |
| **HESCO BASTION LTD.,** | * | |
| **THE ESTATE OF JAMES "JIMI"** | * | |
| **HESELDEN, RUSSEL O. PRIMEAUX,** | * | |
| **AND KEAN MILLER, L.L.P.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on the Plaintiffs' Motion for Remand (R. Doc. 9). The motion is opposed (R. Doc 10).[1] Based on the applicable law and analysis which follows, the Motion to Remand should be granted.

### Factual Background

This action was filed in the 19th Judicial District Court of East Baton Rouge, Louisiana on April 9, 2012 (R. Doc. 1-2). Plaintiffs Barbara N. Sonnier and Stephen J. Gauthreaux allege, among other things, that they entered into an agreement with Defendants HESCO Bastion, USA, L.L.C. (HESCO LLC), HESCO Bastion USA, Inc. ("HESCO Inc."), HESCO Bastion, Ltd. ("HESCO Ltd.") and the Estate of James Heselden (collectively, the "HESCO Defendants") in 2003 requiring Sonnier and Gauthreaux to open a facility in Hammond, Louisiana, for the

---

[1] The Plaintiffs have filed a reply memorandum (R. Doc. 14) and the removing Defendants have filed a surreply memorandum (R. Doc. 17).

1

manufacture, promotion, sale and installation of HESCO Concertainers[2] throughout the United States. Defendant Russel O. Primeaux and the law firm Kean Miller, L.L.P. allegedly took part in drafting and negotiating the governing agreement. The Plaintiffs claim that the agreement gave them a 10% ownership interest in the gross sales of HESCO LLC in the United States. The Petition alleges state law claims for breach of contract, unjust enrichment, detrimental reliance, civil conspiracy and fraud. The Estate of James Heselden was the last of the HESCO Defendants served on May 23, 2012 (R. Doc. 14-1).

In January 2004, Sonnier filed for chapter 7 bankruptcy in the United States Bankruptcy Court for the Eastern District of Louisiana (the "Bankruptcy Court").[3] After an initial closure and reopening of the proceeding, the bankruptcy was closed again on March 20, 2006. It is undisputed that Sonnier did not disclose to the Bankruptcy Court her claimed interests in HESCO LLC prior to the bankruptcy's closure. Based on this lack of disclosure, on May 29, 2012, the HESCO Defendants filed in state court peremptory exceptions of no right of action or alternatively motion for summary judgment on the basis that Sonnier is judicially estopped from pursuing her alleged interests in HESCO LLC.

On June 13, 2012, Sonnier filed an ex parte motion in the Bankruptcy Court requesting it to reopen the bankruptcy proceeding and appoint a trustee. The motion disclosed Sonnier's alleged interest in HESCO LLC to the Bankruptcy Court for the first time. On August 21, 2012, the Bankruptcy Court granted Sonnier's motion and reopened her bankruptcy proceeding. The HESCO Defendants then moved the court to reconsider the reopening of the bankruptcy

---

[2] The Plaintiffs describe HESCO Concertainers as "wire-mesh cubes lined with fabric that can be filled with sand, mud, rocks or other material, and which are used primarily in Louisiana and throughout the United States as flood-control devices, and are also used to prevent coastal erosion" (R. Doc. 9-1, at 2 n.1).

[3] In Re: Barbara N. Sonnier, Case No. 04-10469-EWM (E.D. La.)

2

proceeding and to issue declaratory relief regarding the application of the judicial estoppel doctrine. On December 6, 2012, the Bankruptcy Court conducted a hearing and denied the HESCO Defendants' motions to reconsider (R. Doc. 10, at 4). The Bankruptcy Court converted the HESCO Defendants' motion for declaratory relief regarding the application of the judicial estoppel doctrine into an adversary proceeding. Sonnier has filed an answer in that proceeding.

On November 19, 2012, ninety days after the Bankruptcy Court reopened the bankruptcy proceeding, the HESCO Defendants removed the state court action to this court alleging that the court has jurisdiction under 28 U.S.C. § 1334 (R. Doc. 1). Primeaux and Kean Miller did not join in the removal. The same day, the HESCO Defendants moved to transfer this proceeding to the United States District Court for the Eastern District of Louisiana (R. Doc. 6).[4] On December 5, 2012, the Plaintiffs filed the instant motion to remand.

---

[4] The court has not ruled on the HESCO Defendants' motion to transfer and it is pending before the district judge. Where a case has been removed on the basis of bankruptcy jurisdiction, district courts within the Fifth Circuit have applied a situation-specific approach to determine whether to first decide a motion to remand or a motion to transfer. *Petroleum Engineers, Inc. v. Axis Onshore, L.P.*, No. 11-369, 2011 WL 7083662, at *3 (M.D. La. Dec. 14, 2011) *report and recommendation adopted sub nom.*, No. 11-369, 2012 WL 201726 (M.D. La. Jan. 23, 2012) (citing *Briese v. Conoco-Phillips Co.*, No. 08-1884, 2009 WL 256591 (W.D. La. Feb. 3, 2009)). Each of the district courts in Louisiana has issued at least one decision deciding the motion to remand prior to a motion to transfer. *See Petroleum Engineers, Inc.*, 2012 WL 201726; *Briese*, 2009 WL 256591; *Marshall v. Air Liquide–Big Three, Inc.*, 2007 WL 275898, * 1 (E.D. La. Jan. 24, 2007); *but see Marquette Transp. Co. v. Trinity Marine Products, Inc.*, Nos. 06-0826, 06-827, 06-1281, 06-1282, 2006 WL 2349461 (E.D. La. Aug. 11, 2006) (stating that the jurisdictional question in the matter was "necessarily intertwined with the pending bankruptcy proceedings" and deciding the defendants' motions to transfer venue prior to resolving the jurisdictional issues).
   Here, it is the recommendation of the magistrate judge that the court address the Plaintiffs' motion to remand prior to deciding the HESCO Defendants' motion to transfer. As discussed more fully below, the Plaintiffs' state court action is a non-core proceeding and the court only has "related to" jurisdiction under Section 1334. That this removed action is a non-core proceeding weighs in favor of deciding the Plaintiffs' motion for remand prior to the Defendants' motion to transfer. *See Petroleum Engineers, Inc.*, 2012 WL 201726, at *4. Furthermore, Sonnier's bankruptcy proceeding was concluded in March 20, 2006 (with the exception of the administration of proceeds from the instant lawsuit. That the impact on the

3

On January 14, 2013, the state court granted summary judgment for Primeaux and Kean Miller L.L.P. As a result, there is no longer a parallel proceeding in state court.

**Arguments of the Parties**

The Plaintiffs move the court to abstain from hearing this matter, and grant remand, based on either the mandatory or permissive abstention doctrines of 28 U.S.C. § 1334(c). First, the Plaintiffs argue that the mandatory abstention factors of Section 1334(c)(2) have been satisfied, i.e., (1) there is no independent basis for federal court jurisdiction other than Section 1334(b), (2) an action has been commenced in state court, (3) the state court claims do not constitute a "core" proceeding under title 11, and (4) the claims could be timely adjudicated in state court. In the alternative, the Plaintiffs argue that the court should abstain from hearing the state court matters on the basis of permissive abstention under Section 1334(c)(1).[5] The Plaintiffs argue that, on balance, the following permissive abstention factors considered by courts favor remand: (1) forum non conveniens; (2) bifurcation of the civil action; (3) centralization of the entire action in one court; (4) expertise of the particular court; (5) duplicative or wasteful use of judicial resources; (6) prejudice to involuntarily removed parties; (7) comity issues; and (8) a diminished likelihood of inconsistence results.

In opposition, the HESCO Defendants argue that Sonnier's claims against them are considered "core" proceedings, thereby precluding the application of the mandatory abstention doctrine under Section 1334(c)(2). The HESCO Defendants further contend that the permissive abstention doctrine under Section 1334(c)(1) has no application under the facts of this case. In their surreply memorandum, the HESCO Defendants alerted the court that the non-removed

---

instant suit on the overall distribution of Sonnier's estate is minimal also weighs in favor of deciding the Plaintiffs' motion for remand first. *See Briese*, 2009 WL 256591, at *3.

[5] Although the Plaintiffs do not expressly reference 28 U.S.C. § 1452(b), they request "equitable" remand based on the permissive abstention factors.

4

claims against Primeaux and Kean Miller had been dismissed with prejudice in state court. Based on this development, the HESCO Defendants modified their argument regarding the mandatory and permissive abstention doctrines under Section 1334(c). The HESCO Defendants now argue that the statutory abstention doctrines no longer apply to his matter as there is no longer a parallel state court proceeding to which this court can abstain. The HESCO Defendants further argue that there is otherwise no "equitable ground" on which to order remand under Section 1452(b).

The Plaintiffs also argue that remand is warranted based on the timing of the removal. The Plaintiffs argue that the filing of removal was untimely under the 30-day period provided by 28 U.S.C. § 1446(b). The Plaintiffs further argue that the date triggering the 30-day period for removal was either May 23, 2012, the last date of notice to all HESCO Defendants, or May 29, 2012, the date the HESCO Defendants filed peremptory exceptions of no right of action in state court.

In response, the HESCO Defendants argue that they timely removed the matter under Rule 9027 of the Federal Rules of Bankruptcy Procedure. According to the HESCO Defendants, under Bankruptcy Rule 9027(a)(2), the removal would be timely as it was filed on the ninetieth day after the bankruptcy proceeding was reopened. In their surreply memorandum, the HESCO Defendants raise additional interpretative and policy-based arguments regarding why the court should apply the removal deadline of Bankruptcy Rule 9027 as opposed to the removal deadline found in 28 U.S.C. § 1446(b). The HESCO Defendants also argue that their filing of peremptory exceptions did not trigger any timing deadline for removal because the "other paper" exception under Section 1446(b) does not apply to Bankruptcy Rule 9027.

**Law and Analysis**

I. **Timeliness of Removal**

The court will first address the Plaintiffs' argument that the removal was untimely.  The HESCO Defendants argue that the timing deadlines of Rule 9027 of the Federal Rules of Bankruptcy Procedure apply to this proceeding.  Bankruptcy Rule 9027 provides different deadlines for removal depending on whether the civil action to be removed is commenced before or after the bankruptcy proceeding:

> (2) Time for filing; civil action initiated before commencement of the case under the code
>
> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.
>
> (3) Time for filing; civil action initiated after commencement of the case under the Code
>
> If a claim or cause of action is asserted in another court after the commencement of a case under the Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(2) and (a)(3).  The HESCO Defendants argue that subsection (a)(2) applies to this proceeding because there was "no bankruptcy case pending when the civil suit began" (R. Doc. 17, at 3).  More specifically, the HESCO Defendants argue that the reopening of the bankruptcy proceeding on August 21, 2012 triggered the 90-day period for removal of subsection (a)(2)(A), resulting in a timely removal on November 19, 2012.[6]

---

[6] The HESCO Defendants do not provide any analysis, however, regarding why the reopening of a bankruptcy proceeding constitutes "the order for relief in the case under the Code" as required for the triggering of the 90-day period.  *See* Fed. R. Bankr. P. 9027(a)(2)(A).

6

The Plaintiffs do not address whether Bankruptcy Rule 9027(a)(2) or (a)(3) applies to this proceeding; instead, the Plaintiffs take the position that Bankruptcy Rule 9027 does not apply at all. The Plaintiffs argue that the HESCO Defendants had 30 days to remove the state court action based upon the general removal statute, 28 U.S.C. § 1446(b). The Plaintiffs also argue that the HESCO Defendants' filing of peremptory exceptions of no right of action in state court constituted an "other paper" triggering the 30-day timeline. *See* 28 U.S.C. § 1446(b)(3). If the 30-day period under Section 1446(b) applies, then the removal on November 19, 2012, was untimely regardless of whether the triggering date was May 23, 2012 (the last date of notice to all HESCO Defendants); May 29, 2012 (the date the HESCO Defendants filed peremptory exceptions of no right of action in state court); or August 21, 2012 (the date the Bankruptcy Court reopened the bankruptcy proceedings).

The court finds that a 30-day period applies to the HESCO Defendants' removal regardless of whether Bankruptcy Rule 9027 or Section 1446(b) is the governing source of law in this situation – the removal of a state court action to a district court under the bankruptcy removal provision after a bankruptcy proceeding has been commenced and closed. Even if Bankruptcy Rule 9027 applies to the HESCO Defendants' removal, their reliance on the 90-day period in Bankruptcy Rule 9027(a)(2) is improper. That subsection applies where a civil action is filed in state court "before commencement" of a bankruptcy proceeding. Assuming that Bankruptcy Rule 9027 governs under this procedural posture, the applicable subsection would be Bankruptcy Rule 9027(a)(3), which applies where a civil action is filed in state court "after commencement" of a bankruptcy proceeding.

---

As discussed below, the court does not apply Bankruptcy Rule 9027(a)(2) to this proceeding. Accordingly, the court need not address this issue.

Here, the bankruptcy proceeding was initiated in January 2004 and the state court pleading triggering removal was served after that date.  Although the bankruptcy proceeding was closed on March 20, 2006, there is no requirement under Bankruptcy Rule 9027(a)(3) that the bankruptcy proceeding remain open at the time of removal for that subsection to apply—the subsection only requires that the state court action be filed after the "commencement" of the bankruptcy proceeding.  The 2002 amendment to Bankruptcy Rule 9027(a)(3) clarified that "if a claim or cause of action is initiated after the commencement of a bankruptcy case, the time limits for filing a notice of removal of the claim or cause of action apply whether the case is still pending *or has been suspended, dismissed, or closed*."  Advisory Committee Note on Fed. R. Bankr. P. 9027(a)(3) (2002) (emphasis added).[7]  *See In re Rishel*, Nos. 08-10588, 08-01244, 2009 WL 2014120 (Bankr. N.D. Miss. July 8, 2009) (applying 30 day time limit to removal of state action where prior bankruptcy proceeding had been closed); *In re Hofmann*, 248 B.R. 79, 89 (Bankr. W.D. Tex. 2000) ("[T]he time deadlines in Rule 9027(a)(3) apply even if the bankruptcy case is closed after the [state court] litigation is filed, because the party seeking to remove the litigation has an adequate means to achieve that end—it need merely file a motion to reopen."); *In re Rife*, 343 B.R. 552, 560 (Bankr. W.D. Va. 2006) (same).  Accordingly, if Bankruptcy Rule 9027 applies to this proceeding, the HESCO Defendants had thirty days after they were served the state court petition to move the Bankruptcy Court to reopen the bankruptcy proceeding and to remove the action.

---

[7] Prior to the 2002 amendment, Bankruptcy Rule 9027(a)(3) provided: "If a case under the Code is *pending* when a claim or cause of action is asserted in another court, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons." *In re Hofmann*, 248 B.R. 79, 83 (Bankr. W.D. Tex. 2000) (quoting former version of Bankruptcy Rule 9027(a)(3)) (emphasis added).

8

Because the time period for removal set forth in Section 1446(b) is also 30 days, the court need not decide whether Section 1446(b) or Bankruptcy Rule 9027(a)(3) applies to this proceeding. *See Lead I JV, LP v. N. Fork Bank*, 401 B.R. 571, 575-76 (E.D.N.Y. 2009) ("Since the time period for removal set forth in § 1446(b) is identical to that provided in Rule 9027(a)(3), the Court need not decide which provision applies to the instant case."); *In re Plowman*, 218 B.R. 607, 616 (Bankr. N.D. Ala. 1998) (Since 28 U.S.C. § 1446(b)'s and Fed. Rule of Bankr. P. 9027(a)(3)'s removal time periods are identical, this Court need not enter the foray over which provision is the appropriate one for specifying the time period within which [the defendant] needed to have removed this matter."); *see also In re Hofmann*, 248 B.R. at 87 n. 16 ("The thirty day limitation in Rule 9027(a)(3) tracks the similar time limit imposed on ordinary removal of state court cases to federal district court pursuant to 28 U.S.C. § 1446(b).")

The court notes, however, that district courts are split on whether Bankruptcy Rule 9027 or Section 1446(b) applies where removal is made to a district court under Section 1452(a). For obvious reasons, this issue usually arises where courts must determine whether to apply the 90-day period in Bankruptcy Rule 9027(a)(2) or the 30-day period under Section 1446(b).

Some district courts within the Fifth Circuit have held that the 90-day period in Bankruptcy Rule 9027(a)(2) applies to bankruptcy removals to district courts. *See*, *e.g.*, *Everett v. Friedman's Inc.*, 329 B.R. 40, 42 (S.D. Miss. Aug. 12, 2005) (timely removal under Bankruptcy Rule 9027(a)(2)); *Thomson v. Able Supply Co.*, 179 F. Supp. 2d 693, 695 (W.D. Tex. Jan. 4, 2002) (applying Bankruptcy Rule 9027(a)(2), but noting that the court need not decide whether stricter time limit under Section 1446 applied because abstention was mandatory); *see also Charles v. Towing & Recovery Professionals of Louisiana Inc.*, No. 10-01726, 2011 WL

9

703725 (W.D. La. Feb. 17, 2011) (noting conflict in decisions, but concluding removal was untimely under either Bankruptcy Rule 9027 or Section 1446).[8]

In contrast, the Eastern District of Louisiana has applied the timing rules of Section 1446(b) to removals by defendants to district courts under Section 1452(a). *See Transoceanic Shipping*, No. 06-4549, 2006 WL 3412266 (E.D. La. Nov. 26, 2006) (Bankruptcy Rule 9027 is inapplicable to removal to district courts); *Kim Susan, Inc. v. Service Marine Industries, Inc.*, No. 99-2110, 1999 WL 689989 (E.D. La. Aug. 31, 1999) (same).

As stated above, however, the court need not decide which provision applies because both Bankruptcy Rule 9027(a)(3) and Section 1446(b) required the HESCO Defendants to remove within 30-days of being served a state court pleading triggering removal. The court also need not decide whether the HESCO Defendants' filing of peremptory exceptions in this case qualifies as an "other paper" triggering removal under Section 1446(b),[9] or the purely legal issue of whether the "other paper" exception applies to Bankruptcy Rule 9027. Applying a 30-day removal period under either Bankruptcy Rule 9027(a)(3) or Section 1446(b), the HESCO

---

[8] In their briefing, the HESCO Defendants reference two decisions outside of the Fifth Circuit in support of their argument that Bankruptcy Rule 9027 applies to this removal. Both decisions are distinguishable from this case. In the first decision, the Ninth Circuit held that it did not have jurisdiction to review a *bankruptcy* court's decision not to remand, but noted as a factual matter that removal to that *bankruptcy* court was timely under Bankruptcy Rule 9027. That case also dealt with the pre-amendment language of 9027(a)(3). *See In re Stroh*, 34 Fed. App'x. 562, 563-64 (9th Cir. 2002) ("there was no bankruptcy case *pending* when the civil suit began"). In the second decision, the district court applied Bankruptcy Rule 9027 to a removal made by the *plaintiffs*, noting that Section 1446(b) only applied to removal by defendants. *See Eaton v. Taskin, Inc.*, No. 07-3056, 2007 WL 2700554, at *2 n.2 (C.D. Ill. July 20, 2007) (also citing *Stroh* and finding 9027(a)(3) inapplicable because there was no bankruptcy case *pending*).

[9] It is worth noting that the Eastern District of Louisiana has also concluded that the filing of peremptory exceptions of no right of action in state court based on bankruptcy filings constituted "other papers" that triggered the 30-day period under Section 1446(b). *See Nase v. TECO Energy, Inc.*, No. 09-7659, 2010 WL 924290 (E.D. La. Mar. 9, 2010) (removal was untimely under Section 1446(b) where defendant filed peremptory exceptions of no right of action in state court and did not remove within 30 days of such filing).

10

Defendants' removal on November 19, 2012 was untimely regardless of whether the date triggering the 30-day period was May 23, 2012 (the last date of notice to all HESCO Defendants); May 29, 2012 (the date the HESCO Defendants filed peremptory exceptions of no right of action in state court); or August 21, 2012 (the date the Bankruptcy Court reopened the bankruptcy proceedings).

## II. Statutory Abstention and Equitable Remand

Even if removal was timely, the court would order remand under based on the factors relevant to statutory abstention under Section 1334(c). As an initial matter, the court will briefly address the argument raised by the HESCO Defendants in their surreply memorandum that the statutory abstention doctrines under Section 1334(c) do not apply where a proceeding has been removed under Section 1452. Endorsing the majority rule, the Fifth Circuit has rejected the argument "that statutory abstention does not apply to cases removed to federal court on the basis of bankruptcy jurisdiction" under Section 1452. *In re Southmark Corp.*, 163 F.3d 925, 929 (5th Cir. 1999) ("There is no textual support in the statute for this position, only a handful of bankruptcy court opinions support it, and the vast majority of courts hold otherwise."). Consistent with this opinion, district courts within the Fifth Circuit have remanded cases removed under Section 1452 after analyzing both the mandatory and permissive abstention doctrines found in Section 1334(c).[10] The court will, therefore, analyze the factors for both

---

[10] *See, e.g.*, *Nase*, 2010 WL 924290, at *4 ("The Court finds that equitable remand and permissive abstention are appropriate in this case pursuant to 28 U.S.C. §§ 1334(c)(1) and 1452(b)."); *Orion Ref. Corp. v. Fluor Enterprises, Inc.*, 319 B.R. 480, 488-89 (E.D. La. 2004) ("The factors that a district court considers to determine whether it should permissively abstain also support equitable remand under 28 U.S.C. § 1452."); *Borne v. New Orleans Health Care, Inc.*, 116 B.R. 487, 494 (E.D. La.1990) ("[T]he considerations underlying discretionary abstention and remand are the same."); *KSJ Development Co. of Louisiana v. Lambert*, 223 B.R. 677, 679 (E.D. La. 1998) ("Also animating courts' consideration of equitable restraint are the four elements for mandatory abstention.").

11

mandatory abstention under Section 1334(c)(2) and permissive abstention under Section 1334(c)(1) to determine whether it should grant remand.

### A. Mandatory Abstention

Under Section 1334(c)(2), "courts must abstain from hearing a state law claim if the following requirements are met: (1) The claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) the claim is a non-core proceeding, i.e., it is related to a case under title 11 but does not arise under or in a case under title 11; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court." *In re Rupp & Bowman Co. v. Schuster*, 109 F.3d 237, 239 (5th Cir. 1997). The parties do not appear to dispute that the first, third, and fourth factors have been met.[11] For mandatory abstention to apply, therefore, the only issue is whether the nature of the court's subject matter jurisdiction under Section 1334(b) results in a "non-core proceeding" or a "core proceeding." Only if this proceeding is a "non-core proceeding" does the mandatory abstention doctrine apply.[12]

Congress has not specifically defined non-core proceedings. In broadly defining bankruptcy jurisdiction under Section 1334, the Fifth Circuit has held that a proceeding is non-

---

[11] With regard to the first factor, neither of the parties argues that there is an alternative basis for jurisdiction other than Section 1334(b). Nor does the court find such an alternative basis for its jurisdiction. With regard to the third and fourth factors, the HESCO Defendants do not expressly argue that these factors have not been satisfied. Nevertheless, the HESCO Defendants argue that the dismissal of the claims in state court against Primeaux and Kean Miller results in the *inapplicability* of the mandatory abstention doctrine altogether because there is no longer a parallel proceeding in state court. Notwithstanding the HESCO Defendants' contention, the court is satisfied that the third and fourth factors are satisfied, as this action was originally commenced in state court and there is no indication the proceeding could not be adjudicated timely if remanded to state court.

[12] *See In re Gober*, 100 F.3d 1195, 1206 (5th Cir. 1996) ("Mandatory abstention applies only to non-core proceedings—that is, proceedings 'related to a case under title 11,' but not 'arising under title 11, or arising in a case under title 11.'"); *Nase*, 2010 WL 924290 ("In the context of removal and remand, the Fifth Circuit has equated 'related to' bankruptcy jurisdiction with non-core proceedings.").

12

core where "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (emphasis added by Fifth Circuit)); *see also In re Bass*, 171 F.3d 1016, 1022 (5th Cir. 1999) ("For jurisdiction to attach, the anticipated outcome of the action must both (1) alter the rights, obligations, and choices of action of the debtor, and (2) have an effect on the administration of the estate.").

In contrast, Congress has provided a non-exhaustive list of "core" proceedings in bankruptcy. *See* 28 U.S.C. § 157(b)(2). The Fifth Circuit has noted that some of the subsections defining core proceedings use such broad language that they could be interpreted as encompassing all proceedings that fall within the scope of bankruptcy jurisdiction, i.e., proceedings that could conceivable have an effect on the bankruptcy estate:

> (A) matters concerning the administration of the estate;
>
> (B) allowance or disallowance of claims against the estate . . .; [and]
>
> (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship. . . .

*In re Wood*, 825 F.2d at 95 (quoting 28 U.S.C. § 157(b)(2)(A), (B), and (O)). The Fifth Circuit declined to give such a broad reading to these subsections, stating that "otherwise, the entire range of proceedings under bankruptcy jurisdiction would fall within the scope of core proceedings, a result contrary to the ostensible purpose of the 1984 Act." *Id*. Several courts have noted the Fifth Circuit's caution against a broad reading of these "catch-all" provisions. *See*, *e.g.*, *Garner v. BankPlus*, 470 B.R. 402, 406-07 (S.D. Miss. 2012) (proceedings based on state law that "could potentially affect the administration of the bankruptcy estate" were not core as they did "not invoke a substantive right provided by title 11 and could exist outside the

13

bankruptcy case. . . ."); *Mirant Corp. v. The Southern Co.*, 337 B.R. 107, 116 (N.D. Tex. 2006) (observing Fifth Circuit's caution in *Wood*); *Nase*, 2010 WL 924290 (same).

A more detailed description of the issues facing the Fifth Circuit in *Wood* is instructive. In *Wood*, the bankruptcy petition was a stockholder of a closely-held medical clinic. *In re Wood*, 825 F.2d at 91. His partner subsequently filed a complaint in the bankruptcy court alleging that he received fewer shares of stock in the medical clinic than he was entitled to under a contract entered into between himself and the bankruptcy petitioner. *Id*. The bankruptcy court declined to dismiss the subsequently-filed matter for lack of subject-matter jurisdiction and held that it was a core proceeding. *Id*., at 91-92. On appeal, the district court dismissed the complaint for lack of jurisdiction. *Id*., at 92. On further appeal, the Fifth Circuit disagreed, concluding that the bankruptcy court had subject-matter jurisdiction under Section 1334. *Id*., at 94. The court then went on, however, to classify the proceeding as non-core, focusing on how the partner alleging breach of contract could have brought his cause of action in state court even if there had been no bankruptcy proceeding:

> The plaintiff's suit is not based on any right created by the federal bankruptcy law. It is based on state created rights. Moreover, this suit is not a proceeding that could arise only in the context of a bankruptcy. It is simply a state contract action that, had there been no bankruptcy, could have proceeded in state court. . . .
>
> The substance of this action does not support a finding of core status. The essential issue in the proceeding is whether the defendants are liable to the plaintiff under state law. The suit does not raise as primary issues such matters as dischargeability, allowance of the claim, or other bankruptcy matters. Conceivably, a final judgment in this proceeding in the plaintiff's favor may lead to proceedings to allow the claim or to discharge the debt. At this juncture, however, these concerns are speculative and insubstantial issues in the proceeding. The plaintiff's suit is not a core proceeding.

*Id*., at 97-98 (footnotes and citations omitted). In so holding, the court noted that "[a] determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law." *Id.*, at 96 n.31 (quoting 28 U.S.C. § 157(b)(3)).

14

After reviewing the pleadings and briefing submitted by the parties, as well as the relevant case law, the court concludes that this proceeding is a non-core proceeding. The Plaintiffs' causes of action are based on state law for breach of contract, unjust enrichment, detrimental reliance, civil conspiracy and fraud. As in *Wood*, the Plaintiffs could have brought their cause of actions in state court even if there had been no bankruptcy proceeding. The Plaintiffs' claims do not hinge upon any decisions regarding the administration of Sonnier's estate made in the bankruptcy proceedings that closed on March 20, 2006. Likewise, the Plaintiffs' state court action was filed prior to the reopening of the bankruptcy proceeding on August 21, 2012. That the alleged conduct on which this proceeding is based pre-dates the reopening of the bankruptcy proceeding weighs in favor of concluding that the proceeding is non-core. *See Broyles v. U.S. Gypsum Co.*, 266 B.R. 778, 783 (E.D. Tex. 2001) ("Where all of a case's alleged tortious conduct and breaches of contract occurred pre-petition, the case is non-core to the bankruptcy proceeding."). At most, the removed proceeding could potentially affect the size and administration of Sonnier's bankruptcy estate. Neither of these grounds merit a finding that this removed action is a core proceeding. *See Garner*, 470 B.R. at 406-07; *Nase*, 2010 WL 924290, at \*3. Having concluded that this is a non-core proceeding, the court further concludes that it must abstain from hearing it. *See* 28 U.S.C. § 1334(c)(2); *In re Rupp & Bowman*, 109 F.3d at 239.

### B. Permissive Abstention and Equitable Remand

Even if this were a core proceeding and mandatory abstention did not apply under Section 1334(c)(2), the court still has the power to order equitable remand based on the factors

15

for permissive abstention.[13]  The considerations for permissive abstention and equitable remand include the following: "(1) forum non conveniens; (2) if the civil action has been bifurcated by removal, the entire action should be tried in the same court; (3) whether a state court is better able to respond to questions involving state law; (4) the expertise of a particular court; (5) duplicative and uneconomic effort of judicial resources in two forums; (6) prejudice to the involuntarily removed parties; (7) comity considerations; and (8) a lessened possibility of an inconsistent result."  *See Terral v. SCH Mgmt. Solutions, Inc.*, No. 04-1545, 2004 WL 2115486, at *3 (E.D. La. Sept. 21, 2004) (citing *Browning v. Navarro*, 743 F.2d 1069, 1076 n. 21 (5th Cir. 1984)).

    The court acknowledges that some of the factors for permissive abstention are neutral or are in favor of denying remand.  For example, this case does not involve complex issues of state law, and a federal district court or bankruptcy court would have the expertise to address the issues raised in the proceeding.  Thus, the factors going to the expertise of the state court are neutral.  Also weighing in the HESCO Defendants' favor is the fact that maintaining this action in federal court would not result in duplicative and uneconomic effort of judicial resources in two forums.  At worst, the case would be bifurcated between a federal district court and the bankruptcy court, which is no worse than bifurcation between the bankruptcy court and the state court.

---

[13] 28 U.S.C. § 1334(c)(1) ("[N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."); *see In re Gober*, 100 F.3d 1195, 1206-07 (5th Cir. 1996) ("Nothing . . . prevents a court from permissively abstaining under [section] 1334(c)(1) where some, but not all, of the requirements for mandatory abstention are met."); *Terral v. SCH Mgmt. Solutions, Inc.*, No. 04-1545, 2004 WL 2115486, at *3 (E.D. La. Sept. 21, 2004) ("When deciding to remand, courts often rely on section 1452(b) in conjunction with the permissive abstention principle of section 1334(c)(1).").

The remaining permissive abstention factors, however, weigh in favor of equitable remand. The HESCO Defendants concede that the forum non conveniens doctrine factor may weigh marginally in favor of the Plaintiffs. The factor regarding bifurcated proceedings is not fully resolved in favor of the HESCO Defendants based upon the dismissal of the claims against Primeaux and Kean Miller. The ultimate goal of the HESCO Defendants is to have this matter transferred to the Bankruptcy Court (*see* R. Doc. 6-1). There is an unresolved legal issue regarding whether the Bankruptcy Court can exercise jurisdiction over Gauthreaux's claims.[14] Even if the Bankruptcy Court properly exercised jurisdiction over the Gauthreaux's claims, Gauthreaux would be prejudiced by having to try his state court claims, for which he has demanded a jury trial, in a court with no authority to hold jury trials.[15] Finally, courts have concluded that cases involving only state law issues should be remanded to reduce the likelihood of an inconsistent result.[16]

Courts will also consider the elements required for mandatory abstention for determining whether equitable remand is warranted. *See KSJ Development Co. of Louisiana v. Lambert*, 223 B.R. 677, 679 (E.D. La. 1998); *O'Rourke v. Cairns*, 129 B.R. 87, 90 (E.D. La. 1991). Again, even if this removed action is deemed a core proceeding, the three remaining factors for mandatory abstention have been satisfied and weigh in favor of equitable remand.

---

[14] The Plaintiffs argue that the Bankruptcy Court would have to exercise supplemental jurisdiction to entertain Plaintiff Gauthreaux's claims. Without deciding the issue, the court notes that bankruptcy courts cannot exercise supplemental jurisdiction under 28 U.S.C. § 1367. *See In re Bass*, 171 F.3d 1016, 1024 (5th Cir. 1999) (citing *In re Walker*, 51 F.3d 562, 570-73 (5th Cir. 1995)).

[15] *See* Bankr. E.D. La. R. 9015-1 ("Jury trials are not held in this Court."); *Travelers Indem. Co. v. Babcock & Wilcox Co.*, No. 01-3387, 2002 WL 100625 (E.D. La. Jan. 23, 2002) (right to jury trial weighed in favor of withdrawing the reference from the bankruptcy court).

[16] *See, e.g., Hospital Service District No. 3 v. Fidelity & Deposit Company of Maryland*, No. 99-0752, 1999 WL 294795, *8 (E.D. La. 1999); *KSJ Dev. Co. of La. V. Lambert*, 223 B.R. 677, 680 (E.D. La. 1998).

In sum, the court concludes that the factors for mandatory abstention under Section 1334(c)(2) have been met and remand is warranted on that basis alone. Even if mandatory abstention is unavailable under Section 1334(c)(2), the weighing of those factors in conjunction with the permissive abstention factors under Section 1334(c)(1) leads the court to conclude that equitable remand is warranted under Section 1452(b).

## RECOMMENDATION

**IT IS RECOMMENDED** that the Plaintiff's Motion to Remand (R. Doc. 9) should be **GRANTED** and this matter should be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, on August 23, 2013.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**